UNITED STATES DISTRICT COURT  NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

WILLIAM DAVIDSON,                             MEMORANDUM
                                                                       AND ORDER
                        Plaintiff,                       12-CV-3323 (JG)

         -against-

THE CITY OF NEW YORK,

         Defendant.
-----------------------------------------------------------x

JOHN GLEESON, United States District Judge.

On June 25, 2012, *pro se* plaintiff William Davidson, currently incarcerated at the Atlantic County Justice Facility in Mays Landing, New Jersey, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff's complaint is largely unintelligible, but it appears that he may be seeking "to change custody to New York State." Compl. at 8. Because plaintiff has had "three strikes" pursuant to 28 U.S.C. § 1915(g), and has not shown that he is "under imminent danger of serious physical injury," his application to proceed *in forma pauperis* is denied. If plaintiff fails to pay the $350 filing fee within 14 days of the date of this Order, this action will be dismissed.

## DISCUSSION

28 U.S.C. § 1915(g) bars prisoners from proceeding *in forma pauperis* after three or more previous claims have been dismissed as frivolous, malicious or for failure to state a claim. Section 1915(g), commonly known as the "three strikes" rule, provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger

of serious injury.

28 U.S.C. § 1915(g).

Here, plaintiff has at least three disqualifying actions in this Court. *See Davidson v. Any Partnership The City of Record*, 11-CV-520 (RRM) (E.D.N.Y. Mar. 11, 2011) (dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A); *Davidson v. New York City*, 11-CV-453 (RRM) (E.D.N.Y. Feb. 28, 2011) (dismissed as frivolous and/or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A); *Davidson v. City of New York*, 10-CV-5833 (RRM) (E.D.N.Y. Dec. 28, 2010) (dismissed for failure to state a claim on which relief may be granted).

Moreover, plaintiff does not allege any facts indicating that he faces "imminent danger of serious physical injury." *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010). To satisfy the requirement of imminent danger of serious physical injury under 28 U.S.C. §1915(g), a plaintiff must "reveal a nexus between the imminent danger [he] alleges and the claims [he] asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). When a court considers whether such a nexus exists, the court must consider: (1) whether the imminent danger alleged is fairly traceable to the unlawful conduct asserted in the complaint; and (2) whether a favorable judicial outcome would redress the injury. *Id.* at 298-99. The imminent harm must also be existing at the time the complaint is filed. *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010). Plaintiff's assertion that "I am facing danger at limb toward money I need it cites, it can and will need it now to pay bills, like rent, and for clothing/food," Compl. at 7, fails to support a finding that he was under imminent danger of serious injury at the time he filed this action.

CONCLUSION

Accordingly, plaintiff's application to proceed *in forma pauperis* is denied. If plaintiff fails to pay the $350 filing fee within 14 days of the date of this Order, this action will be dismissed. Plaintiff is prohibited under 28 U.S.C. § 1915(g) from filing further *in forma pauperis* actions unless he is under imminent danger of physical injury.

The Clerk of Court's Notice to the Warden of the facility where plaintiff is incarcerated directing that the filing fee be deducted from plaintiff's inmate account is hereby vacated. The Clerk shall send a copy of this order to the Warden. The Warden shall not collect the $350 fee from plaintiff's inmate account. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
       July 10, 2012